BARKDULL, Judge,
dissenting.
The appellant/respondent before the Board was being investigated for alleged professional misconduct. She was entitled to have the Board composed of the requisite number of professionals and lay persons as proscribed by the statutes from which the quorum would be drawn. Without a fully qualified panel from which to draw the quorum, the respondent was denied the equal protection of the law and was not accorded due process as provided in the law. If a member of the Board is involuntarily disqualified, a replacement is named by the appointing authority. See Section 120.71 Florida Statutes (1981).[1] A voluntary recusal is a disqualification the same as an involuntary recusal. It would appear to be a denial of equal protection under the Florida Constitution Declaration of Rights, Article 1, Section 9, to treat one disqualification different than the other, no matter how they occurred. The ultimate effect is the same; a disqualified member will not sit. I would hold that the respondent was denied the equal protection of the law and due process of law and therefore reverse the order under review and remand for a new hearing.

. Section 120.71 Fla.Stat. (1981) applies in the instant case because: Sec. 466.004(5) Fla.Stat. provides that all provisions of Ch. 455 relating to boards shall apply to this professional board. Sec. 455.225(4) Fla.Stat. provides for a formal hearing pursuant to Ch. 120 where there is an issue of fact. There was an issue of fact and the respondent herein did in fact request a formal hearing under Ch. 120. Therefore, all provisions of Ch. 120 are applicable to this cause.